UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA FOUCHER, KATHY POTEMPA and
JACQUELINE BEAMAN, individually and as
class representatives for all similarly situated
current and former employees of
Kraft Foods Global, Incorporated,

      Plaintiffs,                        Case. No.
                                     Hon.

v.

                                     **JURY TRIAL REQUESTED**

KRAFT FOODS GLOBAL, Incorporated,
a Delaware corporation;

      Defendant.

_____/

MARK L. SILVERMAN (P42992)
MARK L SILVERMAN MD, JD, PC (Law Center)
Attorney for Plaintiffs
401 S. Old Woodward, Suite 435
Birmingham, MI 48009
(248) 647-0390; Fax: (248) 647-9142
Email: MLSMDJD@gmail.com

_____/

## COMPLAINT AND JURY DEMAND

## FLSA COLLECTIVE ACTION AND ERISA CLASS ACTION

Plaintiffs, ANDREA FOUCHER, KATHY POTEMPA and JACQUELINE BEAMAN,

individually and as class representatives for all similarly situated current and former

employees of KRAFT FOODS GLOBAL, INC. ("Kraft"), by and through their attorney

and class counsel, Mark L. Silverman, MD, JD, PC (Law Center), complains against

MARK L. SILVERMAN, M.D., J.D., P.C.

401 S. OLD WOODWARD AVENUE • SUITE 435 • BIRMINGHAM, MI 48009

TELEPHONE (248) 647-0390 • FAX (248) 647-9142

Defendant Kraft as follows:

## SUMMARY OF THE CASE

As alleged more fully below Defendant Kraft has failed to pay overtime compensation specifically required by 29 USC § 207 (maximum hours provision) for which Plaintiffs request penalties pursuant to 29 USC § 216 (b) and ( c). This is a Fair Labor Standards Act ("FLSA") collective action brought by current and/or former Kraft employees, individually and on behalf of all similarly situated persons who for the previous three years prior to the date of filing of this Complaint were, are, or will be employed by Kraft in sales representative and/or sales associate positions who were, are, or will be denied any and/or underpaid full overtime pay for their hours worked in excess of forty in a work week. ("Class Members")

Plaintiffs Andrea Foucher, Kathy Potempa and Jacqueline Beaman ("Plaintiffs"), worked in sales for Kraft and regularly worked overtime in excess of forty (40) hours per week but were not compensated at a rate of one and one half times their regular rate of pay as required by FLSA. Kraft, beginning effectively at least as early as July 1, 2007, likely before that time, and continuing thereafter, classified the Plaintiffs and other similarly situated employees as non-exempt but failed to compensate them at a rate of one and one half times their regular rate of pay as required by FLSA.

Plaintiffs also bring this action, pursuant to the Employee Retirement Income Security Act ("ERISA"), individually and as class representatives for all persons who

2

were, are, or will be employed by Kraft in the positions described above, to remedy violations for failing to properly pay overtime pay, upon information and belief, by Kraft with respect to and arising out of its failure, as a fiduciary and employer, to maintain sufficient records of overtime worked so that benefits due under the Kraft Retirement Plan and Kraft 401(k) Plan to the Named Plaintiffs, and the class members they represent, may be properly determined and paid as required by ERISA. Plaintiffs seek injunctive and declaratory relief to require Kraft to comply with ERISA record keeping and payment requirements so that past, present, and future earned overtime compensation may be credited toward the benefits due under the Kraft Retirement and 401(k) Plans.

Plaintiffs bring this action to obtain whatever statutory penalties, damages, punitive damages, restitution, attorney fees, costs, and injunctive relief they and the others similarly situated whom they represent are found to be entitled .

## JURISDICTION, PARTIES AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(e)(1).

2. Plaintiff  Andrea Foucher ("Foucher") is a resident of Southgate, Michigan. Foucher was employed by Kraft beginning in December 28, 2005 until on or about October 21, 2008. During the applicable statutory period, Foucher's primary job duties

3

were those of a Sales Representative, and before that those of a Sales Associate.

3.      Plaintiff Kathy Potempa ("Potempa") is a resident of Troy, Michigan.

Potempa has been employed by Kraft since 1985. During the applicable statutory period,

Potempa's primary job duties were those of a sales representative at several of

Defendant's Michigan locations.

4.      Plaintiff Jacqueline Beaman ("Beaman") is a resident of Detroit, Michigan.

Beaman has been employed by Kraft since 1990. During the applicable statutory period,

Beaman's primary job duties were those of a sales representative at several of

Defendant's Michigan locations.

5.      Defendant Kraft is a Delaware corporation that has employees working in

sales known as sales representatives and sales associates, in 50 states, including without

exclusion, Michigan. Kraft is principally engaged in manufacture and distribution of food

nationwide and around the world.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (c)

because Defendant Kraft resides in and conducts substantial business in southeastern

Michigan and is subject to the personal jurisdiction of this Court. The pay and benefits

practices described herein occurred at Kraft offices and work sites in Michigan and

throughout the United States.

## FLSA ALLEGATIONS

7.      Plaintiffs have been employed by Kraft in sales positions (representatives

and associates) at Kraft during the applicable statutory period. Upon information and

4

belief, at least since July 1, 2007, likely earlier, Kraft has acknowledged sales representatives and associates to be non-exempt employees, but has continually violated FLSA by failing to pay overtime compensation at a minimum of one and one-half times their regular rate.

8.     Plaintiffs regularly worked in excess of forty hours in a work week without receiving overtime pay at a minimum one and one-half times their regular rate. (Less than one and one half times the applicable hourly rate)

9.     At all relevant times, Kraft failed to keep accurate records of the actual total of Plaintiffs' overtime hours in the manner required by the FLSA and/or by ERISA.

10.     Utilizing the right to collective action arising out of 29 USC § 216 (b), plaintiffs seek penalties found in 29 USC § 216 which include damages, right of action, attorney's fees and costs,  as well as payment of wages and compensation. Plaintiffs bring this collective action on behalf of themselves and all other employees similarly situated who were, are, or will be employed as sales representatives or associates by Kraft, at any time within the three years prior to the filing date of this action through the date of final disposition (The Class, hereafter, the "class members" pursuant to the FLSA, 29 U.S.C. §216(b)) and who Kraft failed to compensate at a minimum of one and one half times the regular rate) Plaintiffs have filed written consent forms (3) with the Court at the time of filing this collective Complaint.

11.     Plaintiffs and the FLSA Plaintiffs are similarly situated in that they have, had, or will have at all relevant times, substantially similar, essentially identical job

5

titles, descriptions, requirements, duties, and pay provisions, and were, are, or will be subject to Defendant Kraft's common practice, policy or plan of failing to properly pay at least time and a half to its non-exempt employees which include sales representatives and sales associates.

## ERISA ALLEGATIONS

12.   At all relevant times, Plaintiffs were employees of Defendant Kraft within the meaning of ERISA §3(6), 29 U.S.C. §1002(6), and participants in the Kraft 401(k) Plan and Kraft Retirement Plan within the meaning of ERISA §3(7), 29 U.S.C. §1102(7).

13.    The Kraft Retirement Plan provides participants with a Credit based on an employee's compensation up to the maximum annual limit established by the Internal Revenue Service ($225,000 for 2007). In order to determine the amount of an employees compensation, including overtime compensation, Kraft was required to maintain accurate records sufficient to determine the amount of benefits due or which would become due under the Plan.

14.    Upon information and belief, the Kraft 401(k) Plan provided for employer-matching contributions up to a certain percentage of a participant's eligible pay, and/or was otherwise tied into the amount of a participant's compensation. In order to determine the amount of an employee's eligible pay, including overtime compensation, and the amount of contributions under the Plan, Kraft was required to maintain accurate records of overtime hours worked to credit the proper amount of pretax employee and employer contributions.

6

15.     In the three year period before the filing of this action, Plaintiffs were not credited with their full earned, unpaid overtime compensation for purposes of their benefits due under the Kraft 401(k) Plan and Kraft Retirement Plan.

16.     Upon information and belief, at all relevant times Defendant Kraft has been and continues to be the administrator of the Kraft Retirement Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A), and a fiduciary of the Kraft Retirement Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).

17.     Upon information and belief, Kraft failed to maintain records sufficient to determine the level of actual overtime compensation earned for purposes of determining employee benefits due under the Kraft 401(k) Plan and the Kraft Retirement Plan as required under ERISA §209, 29 U.S.C. §1059.

18.     Plaintiffs bring this action, pursuant to 29 USC § 216, and to Rules 23(a), (b)(1), and/or (b)(2) of the Federal Rules of Civil Procedure, individually and as class representatives on behalf of all sales representatives and associates who were, are, or will be employed by Kraft within three years preceding the filing date of this action through the date of its final disposition, who were, are, or will be improperly denied overtime pay under the FLSA, and who may have been or will be participants of the Kraft 401(k) Plan and/or the Kraft Retirement Plan ("Class Members").

23.     The Class Members are so numerous that joinder of all members is impracticable.

24.     Questions of law and fact common to the Class Members as a whole,

include, but are not limited to, the following:

     a.     Whether Kraft failed and continues to fail to maintain accurate records of actual time worked and overtime compensation earned by Plaintiffs and the Class Members;

     b.     Whether Kraft credited Plaintiffs and the Class Members with all compensation, including overtime compensation, for which they were entitled to be credited for purposes of the Kraft Retirement Plan and the Kraft 401(k) Plan.

     c.     Whether Kraft violated ERISA's fiduciary requirements by failing to maintain records to credit Plaintiffs and the Class Members with all eligible compensation, including overtime compensation, for purposes of determining benefits due under the Kraft Retirement Plan and Kraft 401(k) Plan.

     d.     Whether Kraft has violated and continues to violate ERISA §209(a)(1), 29 U.S.C. §1059(a)(1), as alleged herein.

25.     Plaintiffs' claims are typical of those of the Class Members, as they were subject to the same Kraft policies and practices of failing to record overtime worked, and its policy and practice of failing to credit all overtime compensation earned or owing as compensation under the Kraft Retirement Plan, or as eligible pay under the Kraft 401(k) Plan.

26.     Plaintiffs, as representative parties, will fairly and adequately represent and protect the interests of the Class Members.

27.     Class certification of Count II is appropriate under Rule 23(b)(1) of the

Federal Rules of Civil Procedure because the prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Class certification is also appropriate under Rule 23(b)(2) because Kraft has acted or refused to act on grounds under ERISA generally applicable to the Class Members, making appropriate declaratory and injunctive relief with respect to the Class Members as a whole.

## COUNT I:

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b) FAILURE TO PAY OVERTIME COMPENSATION

28.    Plaintiffs, on behalf of themselves and all former or current employees similarly situated, reallege and incorporate by reference paragraphs 1 through 11.

29.    At all relevant times, Kraft has been and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.

30.    At all relevant times, Kraft has employed, continues to employ, or will employ, "employee[s]" within the meaning of the FLSA, including Plaintiffs and the class members.

31.    At all relevant times, Kraft has had gross operating revenues in excess of $500,000.

9

32.    The FLSA requires covered employers, including Kraft, to compensate all employees who are not exempt from the overtime provisions of the FLSA at a rate of not less than one and one-half times their regular rate of pay for all work performed in excess of forty hours in a work week.  USC 29 § 207 (a) (1).

33.  ·  Plaintiffs and the Class members performed, continue to perform, or will perform work arising out of the distribution of food products, including lifting, shelving, warehousing, counting, tracking and other duties of a non-technical nature, that was and is otherwise not exempt from the overtime pay provisions of the FLSA.

34.  Plaintiffs and the class members are entitled to be paid full time and a half overtime compensation for all overtime hours worked during the three year period preceding the filing of this action through the date of its final disposition.

35.    At all relevant times, Kraft, pursuant to its policies and practices, willfully and knowingly failed to pay overtime premiums to Plaintiffs and the class members for all of their hours worked in excess of forty hours in a work week.

36.    By failing to compensate Plaintiffs and the class members at a rate of not less than one and one-half times their regular rates of pay for work performed in excess of forty hours in work week, Kraft has violated, and continues to violate, the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §207(a)(1) and §215(a).

37.    By failing to record, report, and/or preserve accurate records of hours worked by Plaintiffs and the class members, Kraft has failed to make, keep, and preserve

records with respect to each of its employees sufficient to determine all of their wages owed, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §211(c) and §215(a).

38. Kraft willfully violated the FLSA within the meaning of 29 U.S.C. §255(a).

39. As a result of the above conduct by Kraft, Plaintiffs and the class members are entitled to recover their respective unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class members, respectfully request the following relief:

A. An award of unpaid overtime compensation due for the three year period preceding the filing of this action and through the date of final disposition, in amounts to be determined at trial;

B. An award of liquidated damages as provided by the FLSA, 29 U.S.C. §216(b);

C. An award of reasonable attorneys' fees and costs incurred in this action;

D. An order pf the Court certifying this case as a collective action and authorizing notice to all class members, pursuant to 29 U.S.C. §216(B).

E. Any further relief the Court deems just and equitable.

11

## COUNT II:

## VIOLATION OF §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3)
## BREACH OF FIDUCIARY DUTY

40.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 39 above.

41.    Upon information and belief, the Kraft 401(k) Plan and the Kraft Retirement Plan are employee pension benefit plans within the meaning of ERISA, §3(2), 29 U.S.C. §1002(2), and employee benefit plans within the meaning of ERISA, §3(3), 29 U.S.C. §1002(3).

42.    Upon information and belief, at all relevant times, Defendant Kraft has been the Plan sponsor of the Kraft 401(k) Plan and the Kraft Retirement Plan, within the meaning of ERISA §3(16)(B), 29 U.S.C. §1002(16)(B).

43.    Upon Information and belief, at all relevant times, Defendant Kraft has

exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under its 401(k) Plan and Retirement Plan, as a fiduciary of each of those plans within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).

44.    Upon Information and belief, at all relevant times, Defendant Kraft has

been and continues to be an employer within the meaning of ERISA §3(5),

§1002(5), the administrator of the 401(k) Plan within the meaning of ERISA §3(16)(A), 20 U.S.C. §1002(16)(A), and a fiduciary of the 401(k) Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).

45.    Under ERISA, §209(a)(1), 29 U.S.C. §1059(a)(1), an employer that sponsors

an employee benefits plan must maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

46.    In violation of its duties as a fiduciary, pursuant to ERISA §404, 29 U.S.C.

§1104, Kraft failed to credit Plaintiffs and the class members for overtime pay earned as eligible compensation under the Kraft 401(k) Plan.

47.    Kraft also failed to credit Plaintiffs and class members for overtime compensation earned as eligible compensation under the Kraft Retirement Plan, and in failing to do so, breached its fiduciary duties under ERISA § 404, 29 U.S.C. §1104.

48.    In order to remedy this violation of ERISA, Plaintiffs and the class members seek declaratory, injunctive and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA § 29 U.S.C. §1132(a)(3).

**PRAYER FOR RELIEF**

13

WHEREFORE, Plaintiffs on behalf of themselves and the Class Members, respectfully requests the following relief:

A.    An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiffs as representatives of the ERISA Class Members.

B.    An order declaring that Kraft has breached its fiduciary duties by
      failing to

credit Plaintiffs and the ERISA Class Members with eligible overtime compensation for all work performed, sufficient to determine benefits due or which may become due to them under the Kraft Retirement Plan.

C.    An order declaring that Kraft has breached its fiduciary duties by
      failing to

credit Plaintiffs and the Class Members with eligible overtime compensation for all work performed, sufficient to determine benefits due or which may become due to them under the Kraft 401(k) Plan.

D.    An order requiring Kraft to remedy its breaches of fiduciary duty by crediting Plaintiffs and the ERISA Class Members with their earned overtime compensation.

E.    Appropriate equitable and injunctive relief to remedy Defendant
      Kraft's

violations of ERISA §209(a).

F.    Attorneys' fees and costs.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs,

including class members, demand a trial by jury on all questions of fact.

Dated:  November 21, 2008            Respectfully submitted,


Law Center

_____
Mark L. Silverman (P42992)
Attorney for the plaintiffs / class

members

401 S. Old Woodward, Suite 435
Birmingham, MI 48009
(248) 647-0390; Fax: (248) 647-9142
MLSMDJD@gmail.com

15

## CERTIFICATION OF SERVICE

I hereby certify that on November 21, 2008, I electronically filed Plaintiff's *Complaint and Jury Demand* using the ECF system, which will send notification to all counsel of record.

/s/ Angela Miley
ANGELA MILEY
MARK L. SILVERMAN, MD, JD, PC
401 S. Old Woodward Ave., Suite 435
(248) 347-0390
mlsmdjd@gmail.com